UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LARRY HEARD,

                Plaintiff,                          Hon. Janet T. Neff

v.                                             Case No. 1:19-CV-959

8TH DISTRICT COURT SUPERVISOR,
et al.,

                Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff initiated this action on November 12, 2019, against the 8th District Court Supervisor and the 9th District Court Supervisor.  (ECF No. 1).  As Plaintiff has been permitted to proceed as a pauper, the Court has reviewed Plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2) to determine whether it is frivolous, malicious, or fails to state a claim upon which relief can be granted.  For the reasons articulated herein, the undersigned recommends that Plaintiff's complaint be dismissed for failure to state a claim.

A claim must be dismissed for failure to state a claim on which relief may be granted unless the "[f]actual allegations [are] enough to raise a right for relief above the speculative level on the assumption that all of the complaint's allegations are true." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007).  The Court need not accept as true, however, factual allegations which are "clearly irrational or wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

As the Supreme Court has held, to avoid dismissal, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009).   This plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."   If the complaint simply pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.' " *Id.*   As the Court further observed:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. . .Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.   Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. . .Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not "show[n]" - "that the pleader is entitled to relief."

*Id.* at 678-79 (internal citations omitted).

While Plaintiff alleges that he was "denied due process of law," the basis for this legal conclusion is difficult to discern from either Plaintiff's single-page complaint or the material attached thereto.   The materials attached to Plaintiff's complaint reveal that Plaintiff has been convicted on at least three occasions of operating a motor vehicle while

intoxicated.    (ECF No. 1 at PageID.49).    It also appears that Plaintiff has been convicted, on at least two occasions, of operating a motor vehicle when his license was suspended.   (*Id.* at PageID.13, 17).   Plaintiff appears to allege that the Secretary of State refuses to reinstate his driving privileges or otherwise establish that the suspension(s) of his driving privileges was appropriate.   Plaintiff alleges that the Secretary of State is acting based on "false information" provided by Defendants.

Plaintiff does not identify the "false information" that Defendants have allegedly provided to the Secretary of State or how such is unfairly impeding his attempts to regain his driving privileges.   Plaintiff makes reference to the alleged lack of evidence that his driver's license was not suspended prior to 1994, but he fails to explain the relevance of such to this action or his attempts to regain his driving privileges.   Given that Plaintiff's convictions for operating a motor vehicle while intoxicated occurred in 1994 or later, the Court fails to discern the relevance of this information.   In sum, the Court finds that Plaintiff has failed to allege facts which, if proven, would entitle him to relief in this Court.[1]

---

[1] The Court notes that Plaintiff appears to have recently filed a similar action in the Eastern District of Michigan which subsequently dismissed Plaintiff's complaint *without prejudice* for failure to state a claim.   (ECF No. 1 at PageID.67-69).

## **CONCLUSION**

For the reasons discussed herein, the undersigned recommends that Plaintiff's claims be dismissed pursuant to 28 U.S.C. § 1915(e)(2).


Date: December 4, 2019                                    /s/ Phillip J. Green
                                                          PHILLIP J. GREEN
                                                          United States Magistrate Judge


## **NOTICE TO PARTIES**

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice.  28 U.S.C. § 636(b)(1)(C).  Failure to file objections within the specified time waives the right to appeal the District Court's order.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).